**Jay Kenton LONG, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 88–5664.**

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1989.

967

Michael H. Tarkoff, Miami, Fla., for petitioner-appellant.

Dexter W. Lehtinen, U.S. Atty., Eileen M. O'Connor, Lynne W. Lamprecht, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and BROWN *, Senior Circuit Judge.

PER CURIAM:

I.

On September 20, 1983, on the eve of trial, Jay Kenton Long, the appellant, tendered, pursuant to an oral plea agreement, a conditional plea of guilty to counts two and three of a three-count indictment. Count two alleged that appellant fraudulently transported a forged gold certificate in foreign commerce; count three alleged that he fraudulently transported thirty gold certificates in foreign commerce. *See* 18 U.S.C. §§ 2314, 3237 (1982). Under the plea agreement, appellant's plea would become unconditional and the Government would dismiss count one of the indictment,[1] if the district court, after considering a presentence report prepared by the court's probation service, agreed to suspend the imposition of sentence and place appellant on probation. Otherwise, appellant could withdraw his plea of guilty, reinstate his not guilty plea, and proceed to trial.

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Count one charged a conspiracy to make a false statement to a banking institution in violation of 18 U.S.C. § 371 (1982). Section 371 carries a penalty of up to five years in prison, a $10,000 fine, or both.

On October 26, 1983, the court ratified the plea agreement, dismissed count one, and sentenced appellant on counts two and three, withholding the imposition of sentence and placing appellant on probation for a term of five years on each count. These terms were to run concurrently.

On December 26, 1984, appellant's probation officer petitioned the district court to revoke appellant's probation and to sentence him on counts two and three of the indictment.[2] On March 8, 1985, following an evidentiary hearing, the court revoked appellant's probation on both counts and imposed concurrent ten-year prison sentences—the maximum sentences provided by law.[3]

On August 26, 1986, appellant moved the district court pursuant to 28 U.S.C. § 2255 (1982) to set aside his convictions and sentences. Appellant first contended that counts two and three of the indictment were duplicative because they both involved the same transaction and that one of his convictions and sentences should therefore be vacated. Appellant further argued that since this was the case, his plea was involuntary: at the plea hearing, the judge erroneously informed him that he faced a maximum penalty of twenty years in prison—two ten-year sentences that could be imposed consecutively—when, in fact, he was only subject to one ten-year prison sentence. In sum, the district court violated Fed.R.Crim.P. 11 by overstating the term of incarceration he could receive. Appellant contended, alternatively, that his plea was involuntary because his attorney misinformed him by overstating his potential maximum sentence and the potential consequences of a parole violation.[4] Although the record is silent on the point, appellant apparently contends that had he been given the correct information by the court and counsel, he would not have pled guilty.

The district court, citing *United States v. Kitowski*, 729 F.2d 1418 (11th Cir.1984), and *Cooks v. United States*, 461 F.2d 530 (5th Cir.1972), found that counts two and three of the indictment were duplicative and therefore vacated one of appellant's ten-year sentences. The court, though, rejected appellant's claim that his plea was involuntary; it held that the records of appellant's plea, sentence, and probation revocation hearings, considered together, conclusively demonstrated that the claim was meritless. Appellant now appeals.

## II.

A district court may deny relief under 28 U.S.C. § 2255 without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1982); *see Vick v. United States*, 730 F.2d 707, 708 (11th Cir.1984). In the instant case, such a showing has been made.

## A.

■ Although appellant correctly points out that the district court violated Fed.R.Crim.P. 11(c)(1) by misstating appellant's maximum possible sentence, not all technical violations of Rule 11 will warrant relief under section 2255. *See United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979).[5] In

---

**2.** The conduct that gave rise to the petition for revocation is not material here.

**3.** As noted, counts two and three charged violations for fraudulently transporting forged gold certificates in foreign commerce. 18 U.S.C. § 2314 provides a maximum penalty of up to ten years in prison, a $10,000 fine, or both. *See also* 18 U.S.C. § 3237 (offense involving "transportation in interstate or foreign commerce" may be prosecuted "in any district from, through, or into which such commerce ... moves").

**4.** Appellant also claimed that his counsel failed to investigate whether the certificates named in the indictment were actually "securities" within the meaning of 18 U.S.C. § 2314. In order to establish that counsel's performance was ineffective, however, appellant would have to show that such an investigation would have changed counsel's recommendation that appellant plead guilty—that is, that the defense was likely to have succeeded at trial. *See Hill v. Lockhart*, 474 U.S. 52, 58–60, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985).

**5.** In fact, the Supreme Court has expressly recognized only four violations of Rule 11 that

particular, if the court's misstatement was unintentional, and the convicted offender cannot show prejudice as a result of the misstatement—that it was a material factor in his decision to plead guilty—he will not be granted relief. *See Keel v. United States,* 585 F.2d 110, 112–13 (5th Cir.1978) (en banc); *see also Allen v. United States,* 634 F.2d 316, 317 (5th Cir. Unit A Jan. 1981).

■ The court's misstatement here was obviously unintentional—from the face of the indictment the court had no way of knowing that the two counts involved a single transaction. In fact, that counts two and three were duplicative did not become apparent until after appellant had tendered his guilty pleas and had been sentenced. Appellant has also failed to show any prejudice as a result of the court's misstatement that he could receive consecutive ten-year prison sentences rather than one ten-year sentence. The maximum penalty he could receive was not an important element in appellant's decision to plead guilty; prior to and at the plea hearing, he indicated that he wanted to plead guilty as long as he was placed on probation. Surely, he would not have changed his mind had the court informed him that if his probation were revoked he could be sentenced to ten, not twenty, years in prison. *See Allen,* 634 F.2d at 317–18; *Keel,* 585 F.2d at 112–13.

### B.

■ Appellant's second claim is that his plea was involuntary because of the erroneous information he received from his attorney. The standard for determining the voluntariness of a plea where a defendant is represented by counsel and enters a plea upon the counsel's advice is whether such "advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Thus, to assess counsel's performance, the two-prong test of *Strickland*

*v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), must be applied. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). First, appellant must show that his counsel's representation fell below an objective standard of reasonableness. Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Here, we need focus only on the second prong. Appellant has not shown that a reasonable probability existed that, but for his attorney's errors, he would not have pled guilty and would have gone to trial instead. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

Appellant claims that two misstatements by his attorney were crucial to his decision to plead guilty: first, that he was subject to a possible twenty-five-year prison term if convicted on all three counts of the indictment, *see supra* notes 1 and 3, and second, that if he violated his probation he could receive a maximum sentence of only five years. In support of his section 2255 motion, appellant submitted the deposition of the attorney who represented him at the time of his plea. In this deposition, the attorney confirmed that he made both of the misstatements and that appellant was particularly concerned that he be subject to a maximum five-year sentence if he violated probation.

The standard that courts have used when determining whether a defendant was prejudiced by his attorney's misstatements is whether the defendant was "erroneously induced to believe that he would benefit from pleading guilty." *United States v. Fuller,* 769 F.2d 1095, 1098 (5th Cir.1985). That is, if the defendant believes that his guilty plea reduces his chances for a longer sentence but in fact receives the maximum sentence allowable, then prejudice occurs. *See id.* at 1096–98; *United States v. Rumery,* 698 F.2d 764, 766 (5th Cir.1983);

would require relief: (1) a jurisdictional or constitutional violation, (2) a fundamental defect resulting in a complete miscarriage of justice, (3) an omission that is not consistent with the

rudimentary demands of fair procedure, or (4) exceptional circumstances. *See Timmreck,* 441 U.S. at 783, 99 S.Ct. at 2087.

*Cooks v. United States,* 461 F.2d 530, 532 (5th Cir.1972).

In the instant case, however, appellant was not *mistakenly* led to believe by his counsel that his plea would benefit him. He did, in fact, benefit by receiving a five-year term of probation rather than prison sentences totaling fifteen years, i.e., five years on count one and ten years on count two or count three. Appellant's only contention, therefore, is that he believed that the potential *detriment* of not pleading guilty was greater than it was—twenty-five rather than fifteen years. The difference between these two sentences, though, is not that great. In addition, even a fifteen-year sentence is formidable in comparison to a plea bargain promising a probationary term. Appellant, thus, cannot reasonably argue that had he known the truth, he would not have pled guilty.

In addition, appellant's contention that he would not have pled guilty had he known he could still receive the maximum ten-year sentence if he violated his probation is, as the district court noted, "inherently incredible." Presumably, when appellant pled guilty he intended to complete successfully his term of probation, and therefore the consequences of violating it would have been a peripheral concern in comparison to whether he would go to prison at all.

Appellant's case is similar to *Czere v. Butler,* 833 F.2d 59 (5th Cir.1987), in which the defendant pled guilty to second degree murder and thereby avoided a possible death sentence. The defendant later claimed that his counsel misinformed him of his eligibility date for parole. The Fifth Circuit noted that not even the defendant contended that the difference between the misstated parole date and the actual parole date would have led him to risk the death penalty. The court thus held that the defendant was not prejudiced. *Id.* at 64.

Similarly, in the instant case, although the sentence appellant received after his probation violation was greater than what his attorney had told him it would be, he cannot credibly argue that he would have risked a fifteen-year prison term rather than accept five years probation. Perhaps the most telling fact is that when he came before the district court for resentencing after his probation revocation, he did not object to the ten-year sentence the court imposed. The district court's decision is, accordingly,

AFFIRMED.