**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brett D. SORENSON,**
**Defendant–Appellant.**

**No. 88–3309.**

United States Court of Appeals,
Ninth Circuit.

Sept. 12, 1990.

Steven T. Wax, Federal Public Defender, Portland, Or., for defendant-appellant.

Charles H. Turner, U.S. Atty., Fred N. Weinhouse, Asst. U.S. Atty., Portland, Or., Andrew Levchuk, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

## ORDER

This is a sentence enhancement case. In our memorandum disposition of January 12, 1990, we concluded that enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), (ACCA), and imposition of a special assessment were improper.

Under the then controlling circuit law, enhancement based upon Oregon first degree burglary convictions was improper because that state's burglary statute did not meet the common law definition of burgla-ry, *see United States v. Chatman*, 869 F.2d 525, 527 (9th Cir.1989), and mandatory special assessments were deemed unconstitutional. *See United States v. Munoz-Flores*, 863 F.2d 654 (9th Cir.1988), *rev'd*, —— U.S. ——, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990).

We deferred action on the government's petition for rehearing pending the Supreme Court's consideration of the burglary definition issue. Our approach has changed.

## DISCUSSION

### I. *Sentence Enhancement*

█ In *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990), the Court held that the term "burglary," as used in the ACCA, referred to generic burglary. It defined generic burglary as the conviction for

> any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

*Id.*, 110 S.Ct. at 2158.

It is undisputed that Sorenson's burglary convictions meet this definition because all involved unlawful entries into buildings with intent to commit a crime. He now argues, however, that application of the *Taylor* definition to him would be ex post facto. This argument is meritless because there was no retroactive application in this case.

The district court enhanced Sorenson's sentence and he appealed. We reversed under the existing circuit law but, recognizing the pendency of *Taylor*, deferred our consideration of the government's motion for rehearing. Affirming the district court judgment now imposes nothing new upon Sorenson. His original sentence enhancement stands. There is no ex post facto law issue in this case.

### II. *Constitutional Challenges*

We had not previously reached Sorenson's constitutional challenges to his sen-

tence enhancement. We do so now and reject them.

His equal protection and unconstitutional delegation of powers arguments fail because they were based on the assumption that the ACCA's definition of burglary would vary from state to state. That is untrue under *Taylor*.

His Eighth Amendment argument is meritless because we previously rejected such a challenge in *United States v. Baker*, 850 F.2d 1365, 1372 (9th Cir.1988).

 His void for vagueness argument fails also because there is no indication that the sentence enhancement provision at issue is so vague that it grants undue discretion to law enforcement officials. The factors for sentence enhancement under 18 U.S.C. § 924(e)(1) are quite specific.[1]

### III. *Special Assessment*

In *United States v. Munoz*, the Supreme Court reversed this court's determination that the mandatory special assessment authorized under 18 U.S.C. § 3013 was unconstitutional. — U.S. —, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990). Sorenson notes that he expresses no opinion on this matter.[2] The special assessment was valid.

### CONCLUSION

The Memorandum decision of January 12, 1990 is vacated. 893 F.2d 1339.

The government's petition for rehearing is GRANTED, Sorenson's petition for rehearing is DENIED, and the district court's judgment is AFFIRMED.

---

1. Sorenson makes no argument that he had no notice of what behavior was proscribed or punishable under the ACCA. Apparently, he would not dispute that he knew his actions might result in burglary convictions.

2. We infer from this statement that he would not find the imposition of the special assessment an ex post facto law.