**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Stephen Donn ARGO,**
**Defendant–Appellee.**

**No. 89–30043.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 1989.[*]

Decided Feb. 4, 1991.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and 9th Cir. R. 34–4.

Andrew Levchuk, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Steven T. Wax, Federal Public Defender, Portland, Or., for defendant-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

## ORDER

In its appeal from our unpublished Memorandum of January 19, 1990, 894 F.2d 410, the government argued that the district court erred in refusing to enhance Argo's sentence because of his prior first degree burglary convictions. We affirmed the judgment and the government petitioned for rehearing as did the defendant-appellee. Each party has responded to the other's petition.

■ We deferred ruling on the petitions for rehearing in this sentence enhancement case pending the Supreme Court's decision in *Taylor v. United States*, — U.S. —, 110 S.Ct 2143, 2158, 109 L.Ed.2d 607 (1990). Appellee Argo concedes *Taylor* is adverse to him on the issue of sentence enhancement but argues correctly that we have not yet considered his constitutional arguments. We now consider and reject his constitutional challenges.

At the outset, we conclude that there is nothing unfair about applying *Taylor* in this case. Argo was well aware at the time of sentencing that the government sought to enhance his sentence and would expect to appeal the district court's refusal to do so. In light of the circumstances surrounding the original sentence, resentencing under *Taylor* will not contravene Argo's plea agreement. We reject as unpersuasive his reliance on *Rosebud Sioux Tribe v. State of South Dakota*, 900 F.2d 1164, 1173 (8th Cir.1990) (retroactive application of judicial ruling would disrupt Indian tribe's justifiable expectations).

■ Argo also alleges that enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), violates the Equal Protection Clause, and is an unconstitutional delegation of Congressional power to the States. Also, he contends that the enhancement provisions are void for vagueness. We reject all three of

these contentions for the reasons stated in *United States v. Sorenson,* 914 F.2d 173 (9th Cir.1990).

Our Memorandum decision of January 19, 1990 is withdrawn. The government's petition for rehearing is GRANTED and appellee's petition for rehearing is DENIED. We VACATE the previous sentence, REVERSE and REMAND for resentencing.

TANG, Circuit Judge, dissenting:

Argo asserts that he relied on the district court's Rule 11 advisement in entering his plea. The district court based its Rule 11 advisement on the premise that sentence enhancement under the Armed Career Criminal Act was impermissible. In entering his plea, Argo should have been able to rely on this advisement. Ninth Circuit precedent at that time required the district court to reject sentence enhancement. Both Argo and the district court reasonably relied on our circuit authority. Indeed, we also initially relied on our precedent to affirm the judgment of the district court.

The government petitioned for rehearing, however, and we deliberately chose to await the Supreme Court's decision in *Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), before ruling on the petition. Though Argo's case might have been disposed of before the *Taylor* Court changed the law of this circuit, we must now reverse the district court's and our initial ruling in light of *Taylor.*

Argo objects at this stage that if *Taylor* controls his case, we ought to allow the withdrawal of his plea. I agree. We ought at least to mandate the district court on remand to consider whether Argo relied on the inapplicability of the Armed Career Criminal Act when entering his plea. If Argo's reliance on the Rule 11 advisement is a factual issue, the district court and not we should determine it. It should go without saying, moreover, that if Argo relied on the Rule 11 advisement, he did so to his detriment and prejudice. *Cf. Long v. United States,* 883 F.2d 966, 968–69 (11th Cir.

1989) (erroneous Rule 11 advisement made in good faith is not reversible error where defendant was not prejudiced).

It may appear at first blush that Argo has raised his reliance on the advisement too late for our consideration because he does so only at the petition for rehearing stage. *See International Union of Bricklayers v. Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985). I note, however, that we may consider an argument at any stage of the proceedings "to prevent manifest injustice." *Id.* It is manifestly unjust to prevent Argo from withdrawing a plea premised on a valid district court ruling which we initially affirmed, and which, after almost a year of delay while we awaited *Taylor,* we now vacate.

I note too that Argo was the appellee in this case. He successfully defended the district court's judgment with citation to controlling Ninth Circuit authority prior to the rehearing stage. We could hardly ask more of an appellee. If we avoid Argo's reliance argument on the ground he did not raise it in his opening brief (*see Bricklayers* at 1404), we imply that appellees must argue every possible defense of a district court's judgment or face the consequence that a valid argument might later receive no consideration when a panel decides to reverse itself at the rehearing stage. As we often remind litigants before us, we can affirm a judgment—as we did initially in Argo's case—on any ground evident in the record or as a matter of law. We do not rely on appellees to raise every possible ground for affirmance. Nor should we penalize appellees at the rehearing stage for failing to do so.

I therefore respectfully dissent.