999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Keith LEDBETTER, Defendant-Appellant.
 No. 92-30212.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided July 26, 1993.
 
 Before FARRIS, FERGUSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Keith Ledbetter ("Ledbetter") appeals his conviction, pursuant to a conditional guilty plea, for possession of unregistered firearms in violation of 26 U.S.C. §§ 5861(d) and 5871 and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. He also appeals his sentence to fifteen years imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We affirm the district court.
 
 
 3
 1. Challenge to Constitutionality of the ACCA
 
 
 4
 Ledbetter argues that sentencing under the Armed Career Criminal Act violates the equal protection guarantee of the Fifth Amendment because it leads to state-by-state variation resulting from different state definitions of serious crimes. This court has previously considered and rejected this claim. United States v. Argo, 925 F.2d 1133, 1134 (9th Cir.1991) (citing United States v. Sorenson, 914 F.2d 173, 175 (9th Cir.1990), cert. denied, 111 S.Ct. 993 (1991)).
 
 
 5
 2. Challenge to Legality of Predicate Convictions
 
 
 6
 Under the ACCA, a defendant convicted of a § 922(g) violation shall receive an increased penalty if he has at least three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e). At sentencing, the government claimed that Ledbetter had five predicate convictions for ACCA purposes. The government now claims Ledbetter had only four such prior convictions. Ledbetter claims that the government failed to establish these convictions and, thus, that he was improperly sentenced. Because it involves a question of law, we review such a challenge de novo. United States v. Sweeten, 933 F.2d 765, 768 (9th Cir.1991).
 
 
 7
 Under the ACCA, "violent felony" is defined as follows:
 
 
 8
 ... any crime punishable by imprisonment for a term exceeding one year ... that--
 
 
 9
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 
 
 10
 (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 11
 18 U.S.C. § 924(e)(2). The government introduced evidence of Ledbetter's three prior convictions for burglary and one prior conviction for robbery. Ledbetter disputes only the validity of counting the three prior burglary convictions as "violent felonies" for the purpose of ACCA sentencing. The three convictions at issue are the following: (1) a California conviction for a 1978 burglary; (2) a Washington conviction for a March 1988 burglary; and (3) a Washington conviction for a July 1988 burglary.
 
 
 12
 In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court addressed the question of what information a sentencing court may consider in designating predicate convictions under § 924(e).
 
 
 13
 We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either the statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.
 
 
 14
 Id. at 602 (emphasis added). Thus, this court must make the following inquiries: (1) are the California and Washington definitions of burglary generic statutes?; and (2) if they are not, did the government prove all the elements of generic burglary in order to obtain the convictions?
 
 
 15
 The government concedes that the California and Washington statutes are not generic burglary statutes in that they define "burglary" broadly. In determining whether or not the prior convictions constitute burglary for § 924(e) purposes, however, the sentencing court is not restricted to the statute. Taylor, 110 S.Ct. at 602 (court may look to indictment, information, or jury instructions); United States v. Alvarez, 972 F.2d 1000, 1005 (9th Cir.1992) (court may look to information, verdict); Sweeten, 933 F.2d at 769-770 (court may look to indictment, guilty plea, and other "judicially noticeable facts"); United States v. O'Neal, 910 F.2d 663, 666 (9th Cir.1990) (court may look to indictment and guilty plea). We do not find compelling Ledbetter's argument that we should overrule these cases because they are inconsistent with Taylor; indeed, we believe they are entirely consistent with that case.
 
 
 16
 The generic burglary crime has "the following elements: an unlawful or unprivileged entry into or remaining in a building or other structure, with intent to commit a crime." Taylor, 110 S.Ct. at 598. At sentencing in the case at bar, the government introduced as exhibits the charging documents, guilty plea, and judgment of conviction for each of the claimed predicate burglary convictions. In each case, the charging documents indicate that all elements of generic burglary existed--Ledbetter unlawfully entered residences or businesses (identified by address or name) with the intent to commit crimes. Thus, we find that the district court properly considered these convictions as predicate convictions under the ACCA.
 
 
 17
 3. Equal Protection Claim Regarding Expungement
 
 
 18
 Assuming that the predicate convictions are properly "burglaries" within the meaning of § 924(e), Ledbetter argues in the alternative that the district court improperly considered them for another reason. In a complicated and creative argument, Ledbetter reasons that, had his indigent status not prevented him from paying the restitution he owed for the three Washington convictions, he would have received "certificates of discharge" because he had satisfied all the other terms of his sentences. He then argues that this would have constituted the restoration of his civil rights, thereby invalidating the use of these convictions as predicate convictions under the ACCA. Thus, Ledbetter contends that Washington's restoration statute requiring restitution for issuance of discharge certificates violates the equal protection rights of indigents.
 
 
 19
 Under the ACCA, felony convictions which have been "expunged, or set aside or for which a person has been pardoned or has had civil rights restored" may not count as predicate convictions for a violation of § 922(g)(1). 18 U.S.C. § 921(a)(20). However, such convictions may still be considered predicate convictions if the state "expressly provides that the person may not ship, transport, possess or receive firearms." 18 U.S.C. § 921(a)(20). See also United States v. Dahms, 938 F.2d 131 (9th Cir.1991).
 
 
 20
 Washington restricts felons' rights only to bear certain types of firearms--pistols and firearms with barrels shorter than 12 inches in length. Wash.Rev.Code § 9.41.040 (1991). Ledbetter pleaded guilty to possessing five weapons with barrel lengths longer than 12 inches: a 12-gauge shotgun, a .22 caliber semi-automatic rifle, a 6 mm. Remington Woodmaster, a .30 caliber bolt action rifle, and a .22 caliber Winchester Magnum. Section 922(g)(1) cannot be applied in cases when a felon "possesses one type of firearm when state law restricts his right have another type." Dahms, 938 F.2d at 135.
 
 
 21
 Thus, if Ledbetter's state burglary convictions had been expunged, the government would have been precluded from using them as predicate convictions under the ACCA. Ledbetter argues that but for his poverty, these convictions would have been expunged. We need not reach Ledbetter's constitutional claim, however, because the district court found that his failure to pay his restitution fines did not stem from indigence. In response to Ledbetter's equal protection argument at sentencing, the district court found that
 
 
 22
 the restitution requirements are rather minimal. Mr. Ledbetter appears to be an able-bodied individual ... there is no indication that he could not have paid the rather nominal sums had he made the effort to do so by obtaining gainful employment or obtaining money in some other lawful way ...
 
 
 23
 We review a district court's findings relating to the use of prior convictions for sentencing under the clear error standard. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992). Reviewing the record before us, we cannot say that the district court's finding that Ledbetter's failure to pay his fines resulted from indigence was clearly erroneous. As a result, the claim that Washington's expungement process violates the Constitution is not properly before us.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3