24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brett D. SORENSON, Defendant-Appellant.
 No. 92-36687.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 10, 1994.
 
 Before: ALARCON, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brett D. Sorenson pled guilty to being a felon in possession of a weapon, in violation of 18 U.S.C. 922(g)(1). He subsequently appealed from the sentence imposed by the district court. We affirmed. United States v. Sorenson, 914 F.2d 173 (9th Cir.1990), cert. denied, 498 U.S. 1099 (1991). Sorenson then filed a petition for a writ of habeas corpus in the district court under 28 U.S.C. Sec. 2255 in which he claimed that he received ineffective assistance of counsel at trial. Sorenson contended that his counsel was ineffective for (1) failing to advise him to invoke state post-conviction remedies challenging the validity of his convictions; (2) failing to raise an entrapment defense at trial; and (3) failing to object properly to the use of his nonviolent burglary convictions as the predicate felonies for a federal sentence enhancement. The district court denied the petition.
 
 
 3
 We review the denial of a petition for habeas corpus de novo. See United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1989). We affirm because we find no merit to any of Sorenson's contentions.
 
 DISCUSSION
 
 4
 To prevail on a claim of ineffective assistance of counsel, Sorenson must show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Sorenson must also demonstrate that "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. This standard is "rigorous" and "highly demanding." Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986). Sorenson must overcome a "strong presumption" of competency in order to succeed on his claim. Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). Sorenson has not overcome that presumption.
 
 I.
 
 5
 Sorenson first contends that counsel was ineffective for failing to advise him to seek post-conviction relief from his burglary convictions. Sorenson alleges that "[t]his advice should have been given because [he] would not have pled guilty to the state charges if he knew they could create a federal enhancement." Sorenson has failed to demonstrate either that his counsel's performance was deficient or that it prejudiced his defense in this matter.
 
 
 6
 Whether counsel's failure to advise Sorenson to seek post-conviction relief falls within the "wide range of professionally competent assistance" depends in part upon the likelihood that a collateral attack by Sorenson would have succeeded. See Strickland, 466 U.S. at 689. Sorenson has presented no evidence to support a claim that any such attack would have had merit. Thus, Sorenson has not demonstrated that counsel's performance was objectively unreasonable, nor has he shown that it prejudiced his defense in this matter.[1]
 
 II.
 
 7
 Sorenson also contends that his trial counsel was deficient in failing to present an entrapment defense at trial. To prevail on this claim, Sorenson must show that an entrapment defense would likely have succeeded. United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). The defense of entrapment "prohibits law officers from instigating a criminal act by persons otherwise innocent in order to lure them to its commission and to punish them." United States v. Russell, 411 U.S. 423, 428-29 (1973) (internal quotation omitted). To demonstrate entrapment, the defendant must prove that the government induced him to commit a crime for which he otherwise lacked any predisposition to commit. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). The defendant "must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by government agents." Id. (internal quotation omitted). Sorenson has failed to make this showing.
 
 
 8
 The Supreme Court has noted that in a "sting" operation "involving government-sponsored fencing where the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition." Jacobson v. United States, 112 S.Ct. 1535, 1541 (1992). In the present case, the government did nothing more than set up a "sting" operation in which they provided individuals the opportunity to sell goods with no questions asked.
 
 
 9
 The record indicates that Sorenson was predisposed to commit the crime at issue. We have previously listed five factors which are relevant in determining whether a defendant was predisposed to perform an illegal act: "(1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." Skarie, 971 F.2d at 320. None of these factors cut in Sorenson's favor. Sorenson had been convicted of multiple felonies; he instigated the criminal activity by procuring a gun to sell without the government asking him to do so; he sold the gun to make money; he did not demonstrate any reluctance; and government inducement was minimal. It consisted of nothing more than operating a pawnshop.
 
 
 10
 Given the highly improbable chance of succeeding with an entrapment defense, counsel's failure to raise it does not demonstrate ineffectiveness of counsel.
 
 III.
 
 11
 Finally, Sorenson argues that counsel was ineffective for failing to object to the use of his nonviolent burglary convictions as the predicate felonies upon which a federal sentence enhancement could be based. This claim was previously heard by this court on direct appeal and found to be without merit. United States v. Sorenson, 914 F.2d 173, 174 (9th Cir.1990), cert. denied, 498 U.S. 1099 (1991). Because "[i]ssues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. Sec. 2255," we do not address the merits of this claim. Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 423 U.S. 842 (1975).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This is especially true given that any post-conviction relief sought by Sorenson would have been time-barred because the 120-day filing period had expired. See Or.Rev.Stat. Sec. 138.510 (1991)