116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. HARKEY, Defendant-Appellant.
 Nos. 95-36000, 95-36209.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, Nos. CV-94-00306-JLQ, CR-88-00244-1-JLQ; Justin L. Quackenbush, Senior Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Michael E. Harkey appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and 15-year sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm in part, and vacate and remand in part.
 
 I. BACKGROUND
 
 3
 At Harkey's initial sentencing in 1989, the government sought an enhancement under 18 U.S.C. § 924(e) based on Harkey's five prior convictions. The court denied the request on the grounds that three of those convictions did not qualify as violent crimes for purposes of the section 924(e) enhancement; the court sentenced Harkey to five years of imprisonment. The government appealed and was initially unsuccessful. See United States v. Harkey, 890 F.2d 1082, 1084 (9th Cir.1989). As a result of the Supreme Court's ruling in Taylor v. United States, 495 U.S. 575 (1990), however, this court subsequently withdrew its prior opinion and held that the three prior convictions at issue should have been considered for purposes of the sentencing enhancement. See United States v. Harkey, 923 F.2d 138 (9th Cir.1991). On remand, the district court resentenced him to the fifteen-year mandatory minimum pursuant to 18 U.S.C. § 924(e) and this court affirmed the sentence on appeal. See United States v. Harkey, No. 91-30397, unpublished memorandum disposition (9th Cir. Jan. 25, 1993).
 
 II. DISCUSSION
 
 4
 Harkey first contends that the government discriminated against him when it sought to enhance his sentence under section 18 U.S.C. § 924(e) upon his resentencing following appeal. Harkey bases his contention upon the fact an Assistant United States Attorney in a separate district did not seek the enhancement upon resentencing after a similar appeal. We agree with the district court that the evidence presented by Harkey is insufficient to overcome the presumption that the prosecution exercised its authority in a constitutionally appropriate fashion. See United States v. Redondo-Lemos, 955 F.2d 1296, 1302 (9th Cir.1992); see also United States v. Candia-Veleta, 104 F.3d 243, 246 (9th Cir.1996) (noting that decision to prosecute an individual is made by United States Attorney's Office for each individual district).
 
 
 5
 Harkey next contends that his resentencing under section 924(e) violated due process because he was not given sufficient notice that his three prior convictions could be used to enhance his sentence. Harkey's contention lacks merit because his ignorance of the possible penalties for violating the law does not amount to a due process violation. See United States v. Arazate-Nunez, 18 F.3d 730, 737 (9th Cir.1994). To the extent he is arguing that section 924 is unconstitutionally vague, his contention is foreclosed by United States v. Sorenson, 914 F.2d 173, 175 (9th Cir.1990).
 
 
 6
 Harkey's contention that his resentencing under section 924(e) constituted an ex post facto violation because his initial sentencing preceded Taylor, is equally unavailing. See Sorensen, 914 F.2d at 174 (9th Cir.1990) (no ex post facto violation where this court relied on Taylor to uphold defendant's enhancement under section 924(e) even though enhancement was imposed prior to issuance of Taylor opinion). Moreover, Harkey was well aware at his initial sentencing that the government sought to enhance his sentence and would appeal the district court's refusal to do so. See United States v. Argo, 925 F.2d 1133, 1134 (9th Cir.1991) (noting there was nothing inherently unfair in allowing imposition of enhancement after Taylor opinion where government had sought enhancement at initial sentencing).
 
 
 7
 Harkey contends that section 922(g)(1) is unconstitutional under United States v. Lopez, 115 S.Ct. 1624 (1995). We expressly rejected this contention in United States v. Hanna, 55 F.3d 1456, 1461-62 & n. 2 (9th Cir.1995). See also United States v. Polanco, 93 F.3d 555, 563 (9th Cir.1996).[1]
 
 
 8
 Finally, Harkey contends that his trial counsel was ineffective for failing to adequately investigate and prepare for trial. Although Harkey raised this claim before the district court, it was not addressed. Accordingly, we vacate the judgment and remand the matter to the district court so that it may entertain this ineffective assistance of counsel claim.[2]
 
 
 9
 AFFIRMED IN PART; VACATED AND REMANDED IN PART. Each party shall bear its own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Harkey's motion requesting dismissal of these appeals and remand to the district court is denied as unnecessary
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Harkey asks us to revisit our decision in Hanna, we decline the request. A panel of this court not sitting en banc lacks authority to overturn prior Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)
 
 
 [2]
 On appeal, Harkey also contends that: (1) his initial arrest was illegal because his parole officer was working against him and he was held incommunicado from his parole officer and (2) that his waiver of his Fifth Amendment right to remain silent was induced by police trickery. Because Harkey failed to present these issues to the district court, we will not consider them here. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We reject Harkey's assertion that these claims fit within the limited exceptions to this rule. See id