**Richard Napoleon BROWN, Petitioner—Appellant,**

v.

**D.A. MAYLE; Attorney General of the State of California, Respondents— Appellees.**

**Earnest Bray, Jr., Petitioner— Appellant,**

v.

**Eddie Ylst, interim Warden; Attorney General of the State of California; Daniel E. Lundgren, Respondents— Appellees.**

No. 99–17261, 99–56197.
D.C. No. CV–99–00241–WBS,
CV–98–04672–R–BQR.

United States Court of Appeals, Ninth Circuit.

June 6, 2003.

Before REINHARDT, TASHIMA and BERZON, Circuit Judges.

MEMORANDUM *

The United States Supreme Court vacated our opinion in 283 F.3d 1019 (9th

---

Cir.2002), and remanded to this court for further proceedings. *Mayle v. Brown,* —— U.S. ——, 123 S.Ct. 1509, 155 L.Ed.2d 220 (2003).

1. In light of *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and *Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), we reject the petitioners' challenges to California's Three Strikes Law.

2. Bray raised only the Three Strikes issue. Brown raised three other issues. We address them in turn:

(i) We affirm the district court's holding that Brown did not make out a prima facie case that the Three Strikes law is unevenly applied in violation of the Equal Protection Clause. *See McQuery v. Blodgett,* 924 F.2d 824, 824–25 (9th Cir.1991).

(ii) The district court properly concluded that Brown's request for resentencing pursuant to *People v. Superior Court (Romero),* 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (Cal.1996), was not cognizable on federal habeas review. *See Williams v. Borg,* 139 F.3d 737, 740 (9th Cir.1998).

(iii) Because the Three Strikes law took effect in March of 1998, before Brown committed the principal offense, there is no Ex Post Facto Clause problem. *See United States v. Sorenson,* 914 F.2d 173, 174 (9th Cir.1990); *United States v. Ahumada–Avalos,* 875 F.2d 681, 683–84 (9th Cir.1989). The decisions of the district court are AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.