**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard V. HAYES, Defendant–Appellant.**

**No. 91–3344.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1991.

Decided Dec. 12, 1991.

James E. Rattan, Asst. U.S. Atty. (argued), Michael Burns (briefed), Office of the U.S. Atty., Columbus, Ohio, for plaintiff–appellee.

John P. Mahaffey (argued and briefed), Columbus, Ohio, for defendant-appellant.

Before MERRITT, Chief Judge, GUY, Circuit Judge; and ALDRICH, District Judge.[*]

MERRITT, Chief Judge.

The defendant, Richard Hayes, appealed from the District Court's imposition of a fifteen year prison sentence for a firearms possession charge. For the reasons set out below, we affirm the judgment of the District Court.

\*　　\*　　\*　　\*　　\*　　\*

■ Hayes pled guilty under a Rule 11 plea agreement to a violation of 18 U.S.C. § 922(g)(1), a provision that makes it unlawful for a convicted felon to possess, ship, or receive a firearm in or affecting interstate commerce. The District Court imposed the fifteen year sentence under 18 U.S.C. § 924(e)(1), a mandatory penalty enhancement provision that requires a fifteen year sentence for a person convicted of § 922(g)(1) who "has three previous convictions ... for a violent felony ... committed on occasions different from one another." Hayes objected to his fifteen year sentence on the ground that he did not have "three previous convictions" within the meaning of § 924(e)(1). Hayes argued that his prior felony convictions should count as only one conviction because all the felony counts were adjudicated in one proceeding. The issue in the case is whether these convictions, conceded to have involved separate episodes but adjudicated in one proceeding, are "three previous convictions" within the meaning of § 924(e)(1).

The facts of the case were not in dispute. The defendant, out on parole from his prior felony convictions, engaged in a series of firearms purchases. He was indicted on four counts by a federal grand jury. He pled guilty to one count which charged him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The other counts were dismissed. The District Court imposed an enhanced sentence on the basis of three prior felony convictions, all prosecuted in state court under one indictment in one proceeding. In this prior state court adjudication Hayes was convicted of five counts of kidnapping, ten counts of rape, and four counts of aggravated robbery. This criminal conduct occurred on four different dates and involved five victims. The Government and the defendant agreed that the convictions were based on separate criminal episodes.

\*　　\*　　\*　　\*　　\*　　\*

The Sixth Circuit has interpreted § 924(e)(1) to require that for prior convictions to be used to enhance a § 922(g)(1) sentence under § 924(e)(1), those convictions must be based on separate criminal episodes. *See United States v. Pedigo*, 879 F.2d 1315, 1317 (6th Cir.1989) (considering question whether previous felony convictions must arise out of different criminal episodes to support a § 924(e)(1) enhancement under predecessor statute which did not include the language "committed on occasions different from one another" and holding that "[m]ultiple guilty verdicts must originate from multiple episodes that are distinct in time in order to constitute multiple convictions"). While the Sixth Circuit has not considered appeals that raised directly the separate adjudications issue,

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

we have reached results consistent with the view that as long as the convictions clearly involved separate criminal episodes, the convictions need not have been separately adjudicated. *See United States v. Taylor,* 882 F.2d 1018 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990) (while issue of separate adjudications not raised, court allowed two burglaries "committed in different months and involving different structures" to count as two predicate convictions under § 924(e)(1) despite fact that convictions were obtained in guilty pleas on same day). *See also Pedigo,* 879 F.2d at n. 3 (noting that "[t]he timing of the convictions is not important" so long as convictions used to support a § 924(g)(1) enhancement arose out of separate criminal episodes).

This case directly raised the question whether, when prior convictions concededly arise out of separate criminal episodes, the convictions must be adjudicated separately to support a § 924(e)(1) enhancement. The language of the current statute clearly requires the felonies used to enhance a § 922(g)(1) sentence to have been committed on separate occasions. The statute, however, imposes no conditions as to the timing of the convictions. We decline to read into the statute a condition requiring separate adjudications for the predicate felonies under the facts of this case when it is clear that the convictions involved violent felonies "committed on occasions different from one another." We are careful to note that this was not a case in which a series of criminal violations arose out of the same act or transaction so as not to constitute separate offenses. This case did not involve a set of facts suggesting a criminal spree or continuous activity, the parts of which constituted a common scheme or plan so as to raise doubt that the convictions involved separate criminal episodes under the statute. This interpretation of the statute is consistent with the result in *Taylor* and with the note in *Pedigo*.[1]

■ We decide, on the facts of this case, that when it is clear that the defendant's prior convictions involved separate criminal episodes, § 924(e)(1) does not require the convictions to have been adjudicated separately. Because Hayes has "three previous convictions ... for a violent felony ... committed on occasions different from one another," he is subject to the sentencing

1. This reading of the statute is also consistent with the result reached by most other Courts of Appeals. Courts of Appeals that have considered the question generally have held that convictions supporting a § 924(e)(1) enhancement (or enhancement under a predecessor statute, § 1202(a)(1)), must involve separate criminal episodes but need not have been separately adjudicated. *See United States v. Schieman,* 894 F.2d 909 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990) (holding that § 924(e)(1) applies to repeat offenders regardless of number of judicial proceedings); *United States v. Herbert,* 860 F.2d 620, 622 (5th Cir.1988), *cert. denied,* 490 U.S. 1070, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989) (finding statute and legislative history ambiguous as to whether § 924(e)(1) convictions must have been separately adjudicated but holding that statute requires separate criminal episodes "regardless of the number of judicial proceedings involved"); *United States v. Gillies,* 851 F.2d 492 (1st Cir.), *cert. denied,* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) (Court did not consider directly the question of separate adjudications but allowed two convictions for armed robberies of two drug stores on consecutive days, for which defendant received concurrent sentences, to count as two felonies for purposes of § 924(e)(1)); *United States v. Rush,* 840 F.2d 580, 581 (8th Cir.), *cert. denied,* 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988) (holding that "it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct" to trigger enhancement provision); *United States v. Wicks,* 833 F.2d 192, 193 (9th Cir.1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988) (holding that the language of § 1202(a) "encompasses any person with three predicate convictions, whenever obtained"); *United States v. Greene,* 810 F.2d 999 (11th Cir.1986) (holding that for purposes of § 1202(a)(1) defendant's four convictions for "burglaries of four separate buildings at four separate locations on four different days" were four separate convictions despite fact that they were joined in one indictment). *See also United States v. Towne,* 870 F.2d 880 (2d Cir.), *cert. denied,* 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989) (approving separate criminal episode test under prior version of § 924(e)(1) and reading "three previous convictions" as a "reference to the number of prior *occasions* on which a defendant has engaged in, and been convicted of, violent criminal conduct").

*But see United States v. Balascsak,* 873 F.2d 673 (3d Cir.1989), *en banc* (considering the predecessor statute, 18 U.S.C. § 1202(a)(1), and reaching a different result in holding that the separate criminal episodes must be separately adjudicated and that the convictions for the first two crimes must have occurred before the defendant committed the third crime in order for

enhancement under § 924(e)(1). The judgment of the District Court is affirmed.

the convictions to support the enhancement under the Armed Career Criminal provision). It is not clear what weight the Third Circuit gives the *Balascsak* opinion, however, because Judge Becker, joining the majority as to the judgment, disagreed with this "separate adjudications" requirement, leaving the Circuit split 6–6 on this issue. *See United States v. Schoolcraft,* 879 F.2d 64 (3d Cir.), *cert. denied,* 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989) (holding itself not bound to *Balascsak* plurality's reasoning because of the split in the vote). In *Balascsak* the Third Circuit examined the legislative history and found support for the separate adjudications view, *see Balascsak,* 873 F.2d at 682–83

(chief support for requiring separate adjudications for the separate criminal episodes is legislative history's concern for repeat offenders who do not appear to be rehabilitated after their first incarcerations) and for the rule requiring only separate criminal episodes, *see Balascsak,* 873 F.2d at 687 (*dissent*) (chief reason for using a distinct criminal episode test, regardless of the number of adjudications, is that repeat offenders may not be caught and convicted and the legislative history is concerned with repeat offenders, those who were convicted and subject to rehabilitative efforts and those who were not).