960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James McCANTS, Defendant-Appellant.
 No. 91-3630.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges; and Bailey BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, James McCants, convicted below on a conditional guilty plea, appeals the denial of his motions to dismiss the indictment and to suppress evidence. For the reasons that follow, we affirm.
 
 
 2
 * The Cleveland Police Department received numerous complaints regarding illegal drug sales occurring in a building located at 10324 Yale Avenue. Based on those complaints, officers conducted surveillance of the building. They watched individuals enter the premises, stay for less than one to five minutes, and then leave. The police had a confidential informant successfully make a purchase of cocaine from persons inside the residence. On the basis of these facts, Detective Sharon Dickerson of the Narcotics Division of the Cleveland Police Department swore out an affidavit, and on March 10, 1989, obtained a search warrant from the Court of Common Pleas in Cuyahoga County, Ohio, to search an apartment located in the building.
 
 
 3
 The squad unit to which Dickerson belongs executed the warrant at approximately 7:15 p.m. on March 11, 1989. Upon entering the premises, the officers found James McCants and five other persons inside. Detective Charles Charney, Dickerson's partner, searched McCants and discovered a .38-caliber Taurus revolver, which was silver with white pearl grips, in the waistband of his pants.
 
 
 4
 McCants was arrested and, on May 2, 1989, was indicted by secret indictment with one count of being a convicted felon in unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (1988). As predicate offenses for the § 924(e) charge, the indictment listed eight counts of violent felonies, of which McCants had been convicted on November 13, 1979 in the Court of Common Pleas, Cuyahoga County, Ohio. On June 6, 1990, the federal court ordered that the indictment and all related documents be unsealed.
 
 
 5
 At his arraignment on November 16, 1990, McCants pleaded not guilty. He thereafter filed motions to suppress evidence and to dismiss the indictment. On January 31, 1991, the district court set a trial date of March 11, 1991. On February 20, the district court rescheduled McCants' trial for March 18. The court denied his motion to dismiss the indictment on February 27.
 
 
 6
 On March 1, 1991, the district court again rescheduled the trial, this time for April 10. On April 11, the court conducted a hearing on McCants' motion to suppress evidence and subsequently denied the motion on May 8, 1991. McCants withdrew his plea of not guilty and entered a conditional guilty plea to the charges in the indictment, reserving the right to appeal the denial of his two pretrial motions. On July 2, 1991, he was sentenced to fifteen years of imprisonment followed by three years of supervised release. McCants now brings this timely appeal.
 
 II
 
 7
 McCants offers two arguments to support his contention that the district court erred in denying his motion to dismiss. McCants argues first that 18 U.S.C. § 924(e), which was enacted in 1986, is an ex post facto law when it is used to punish him for convictions that took place in 1979. An ex post facto law is one " 'that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action,' or 'that aggravates a crime, or makes it greater than it was, when committed.' " Bouie v. City of Columbia, 378 U.S. 347, 353 (1964) (quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390 (1798)). In Gryger v. Burke, 334 U.S. 728 (1948), the Supreme Court addressed McCants' argument in the context of a state habitual criminal act. The Court held that "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 732. Both the Seventh and the Fifth Circuits have relied on Gryger to hold that § 924(e) is not an ex post facto law United States v. Jordan, 870 F.2d 1310, 1315 (7th Cir.), cert. denied, 492 U.S. 831 (1989); United States v. Leonard, 868 F.2d 1393, 1400 (5th Cir.1989), cert. denied, 110 S.Ct. 2585 (1990). We agree that Gryger mandates that result; accordingly, we reject McCants' claim of error.
 
 
 8
 McCants argues also that he does not have three prior convictions for purposes of § 924(e). This circuit adheres to a separate-criminal-episodes test. United States v. Hayes, 951 F.2d 707, 708 (6th Cir.1991); see United States v. Taylor, 882 F.2d 1018, 1028-29 (6th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990); United States v. Pedigo, 879 F.2d 1315, 1318 (6th Cir.1989). Under that test, McCants' crimes clearly did not constitute one criminal episode and are, therefore, separate convictions for the purposes of § 924(e).
 
 III
 
 9
 McCants contends next that the district court erred in denying his motion to suppress evidence. McCants argues that the evidence was obtained by violating his Fourth Amendment rights.
 
 
 10
 First, he argues that the inventory list from the search indicates that the gun was found on a table near a woman named Deborah Stevenson. The gun is listed underneath an item that was in fact found on the table, and two marks appear in the column that should indicate the gun's location. McCants contends that these are ditto marks. Detective Dickerson testified, however, that the marks represent the closing of the inventory list. She explained that she added the gun to the list after it had been closed, because that was when the gun was handed to her. Moreover, Detective Charney testified that he found the gun in McCants' waistband. The district court found that this testimony was not rebutted and denied this ground for suppressing the evidence. Upon review, the court's finding was certainly not clearly erroneous.
 
 
 11
 McCants raises a number of other issues, including the sufficiency of the warrant and the pat-down search of his body. After careful consideration of each issue, we conclude that McCants' objections are unfounded.
 
 IV
 
 12
 For the foregoing reasons, McCants' conviction and sentence are AFFIRMED in all respects.