977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy G. SHOPE, Defendant-Appellant.
 No. 91-6503.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Timothy G. Shope ("Shope") appeals the sentence imposed pursuant to his guilty plea and conviction for possession of a firearm by a felon, in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1). In accordance with the career criminal enhancement provision of 18 U.S.C. § 924(e),[1] Shope was sentenced to a term of 210 months imprisonment in the United States District Court for the Eastern District of Tennessee. For the reasons stated below, we AFFIRM the conviction and sentence.
 
 I.
 
 2
 On April 2, 1991, a Federal Grand Jury in the Eastern District of Tennessee returned a two-count indictment charging Shope with one count of possession of a firearm by a felon, in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). After appointment of counsel, the government elected to proceed only on count one of the indictment. Subsequently, on July 11, 1991, the government notified the defense that it would proceed against Shope as an Armed Career Criminal and that it intended to seek sentence enhancement pursuant to section 924(e). The notice listed the following six possible predicate convictions:
 
 
 3
 January 28, 1986, Criminal Court of Monroe County, Tennessee, Case No. 85-221, First Degree Burglary;
 
 
 4
 January 28, 1986, Criminal Court of Monroe County, Tennessee, Case No. 85-222, Second Degree Burglary;
 
 
 5
 January 28, 1986, Criminal Court of Monroe County, Tennessee, Case No. 85-223, Second Degree Burglary;
 
 
 6
 January 28, 1986, Criminal Court of Monroe County, Tennessee, Case No. 85-224, Second Degree Burglary;
 
 
 7
 January 28, 1986, Criminal Court of McMinn County, Tennessee, Case No. 85-403, Second Degree Burglary;
 
 
 8
 January 28, 1986, Criminal Court of McMinn County, Tennessee, Case No. 85-460, Second Degree Burglary.
 
 
 9
 On August 15, 1991, Shope pleaded guilty to one count of possession of a firearm by a felon. On October 10, 1991, a sentencing hearing took place in which the government presented the certified documentation of Shope's prior convictions on which it was prepared to rely for enhancement of the sentence. Following the presentation of arguments by both counsel, the district court continued the sentencing hearing, sua sponte, over the objection of Shope's counsel.
 
 
 10
 At the second sentencing hearing on November 4, 1991, the government again argued for sentence enhancement based on the documentary evidence. As required by the enhancement statute, the government then attempted to establish that, of the six offenses documented in the evidence presented, three of the offenses were distinct in place and time. Shope countered that each of these prior convictions occurred on the same day and do not qualify as predicate offenses for sentence enhancement pursuant to Section 924(e).
 
 
 11
 The government identified two convictions for which the documentary evidence established that the offenses were distinct as to place and time. The first offense documented involved an August 1, 1985, burglary of the house of Rebecca Richie in McMinn County; and the second offense involved a June 20, 1985, burglary of the house of Fay Hawkins in McMinn County. The government then offered the following testimonial evidence to establish the requisite third predicate offense:
 
 
 12
 Henry Robertson testified that his home in Monroe County had been burglarized on or about Labor Day, that he properly notified the police, and that guns and a chainsaw, among other items, had been stolen.
 
 
 13
 Mike Jenkins, Chief of Police of Sweetwater, Tennessee in Monroe County, testified that he had supervised two burglary investigations. One investigation involved the theft of some equipment from Sweetwater High School on June 11 or 12, 1985. The other investigation involved a burglary that took place at the residence of Pam Fox on July 4 or 5, 1985.
 
 
 14
 Following this presentation of evidence, the court found that at least three predicate offenses had been established by the testimonial evidence and sentenced Shope to 210 months imprisonment followed by three years of supervised release. Although the court filed its order on November 4, 1991, the court invited Shope to submit a motion for specific findings with regard to the basis of the sentence. Shope filed this request on November 12th, and the government responded on November 13th. The district court's final order was entered on December 2, 1991, setting out the facts on which the court based its ruling. This timely appeal followed.
 
 II.
 
 15
 Shope contends on appeal that his sentence under 18 U.S.C. § 924(e) is improper because (A) continuing his sentencing hearing was unfairly prejudicial; (B) the evidence does not support the sentencing court's determination that three separate and distinct predicate offenses took place; and (C) Section 924(e) should not apply where the predicate convictions occurred on the same date. We review the legality of a criminal sentence de novo. United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990). The district court's findings of fact in support of the sentence are reviewed for clear error. United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). Each argument is addressed seriatim below.
 
 A.
 
 16
 Shope first argues that the sentencing court committed prejudicial error when it continued the first sentencing hearing, sua sponte and over the objection of defense counsel. Shope contends that all of the evidence necessary to rule on the government's motion to enhance Shope's sentence as an Armed Career Criminal had been presented, and the court had all of the information necessary to impose a sentence on the defendant. Shope argues that the government had presented its documentary evidence attempting to show at least three predicate offenses and had indicated a willingness to proceed on the basis of that evidence, alone. Moreover, Shope contends that the defense had argued that these documents did not sufficiently demonstrate that at least three distinct offenses had occurred. Finally, Shope observed that the probation officer had prepared and completed his report and recommendation to the court. This Court reviews a district court's decision to continue a sentencing hearing for an abuse of discretion. Pingatore v. Montgomery Ward Company, 419 F.2d 1138, 1141 (6th Cir.1969) ("The question of a continuance addresse[s] itself to the sound discretion of the District Judge.").
 
 
 17
 Shope has failed to establish that any unfair prejudice took place as a result of the district court's decision to continue the first sentencing proceeding. The district court simply attempted to consider all of the evidence that may have been pertinent to the imposition of the proper sentence. See 18 U.S.C. § 3661. Moreover, Shope received credit for time served during the one month continuance of his sentencing hearing. Accordingly, Shope's first assignment of error lacks merit.
 
 B.
 
 18
 Shope next argues that the documentary and testimonial evidence adduced at the second sentencing hearing was insufficient to support the court's finding that Shope committed the three predicate offenses required for sentencing as a Armed Career Criminal pursuant to 18 U.S.C. § 924(e). In its December 2, 1991 order, the sentencing court stated:
 
 
 19
 Neither party disputes the suitability of the McMinn County convictions, Nos. 85-403, and 85-460. The Court agrees with the government that the Monroe County Case No. 224 (a burglary of guns and a chainsaw from the H.R. Robertson house on Labor Day in 1985); the Monroe County Case No. 223 (burglary of Sweetwater High School on June 12, 1985); and the Monroe County case No. 222 (a burglary of a VCR, Keyboard and Realistic Sound Box from the Pam Fox house on June 5, 1985) are also suitable, separate criminal episodes which may be used to establish which may be used to establish the defendant as an armed career criminal. Any one of these three Monroe County cases coupled with the two from McMinn County support the Court's finding that at least three of the defendant's prior violent felony convictions originated from separate criminal episodes.
 
 
 20
 Shope principally argues on appeal that the evidence regarding the Monroe County offenses was insufficient to establish the occurrence of either of the three offenses.
 
 
 21
 In United States v. Pedigo, 879 F.2d 1315 (6th Cir.1989), this Court stated that, under the Armed Career Criminal Act, "[m]ultiple guilty verdicts must originate from multiple episodes that are distinct in time in order to constitute multiple convictions." Id. at 1317. Note also that the facts on which sentencing is based need be "proved only by a preponderance of the evidence." United States v. Walton, 908 F.2d 1289, 1300 (6th Cir.1990), cert. denied, 111 S.Ct. 532 (1990).
 
 
 22
 The records presented by the government with regard to the McMinn County burglaries of August 1, 1985 (Rebecca Richie's house--Case No. 403) and June 20, 1985 (Fay Hawkins house--Case No. 460) are not challenged by Shope's brief. This leaves in question the sentencing court's evaluation of the documentary evidence and observations of the testimony of the government's witnesses that refer to the Monroe County offenses.
 
 
 23
 The district court's conclusion that either of these three offenses were "suitable, separate criminal episodes which may be used to establish the defendant as an armed career criminal" is substantiated on the record. First, the judgment and indictment sheets indicate the occurrence of three separate and distinct crimes on June 5, 1985, June 12, 1985, and on Labor Day 1985. Moreover, the testimony of Mr. Robertson and Police Chief Jenkins indicate that these episodes constituted three separate and distinct crimes with regard to time. This assignment of error lacks merit.
 
 C.
 
 24
 Shope finally contends that the statutory enhancement for possession of a firearm should not apply when all of the predicate convictions occur on the same date. Shope's final argument essentially asks the court to overrule United States v. Hayes, 951 F.2d 707 (6th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). In Hayes, this Court held that Section 924(e) does not require previous convictions for separate criminal episodes to have been adjudicated separately. Hayes, 951 F.2d at 710. The Hayes court specifically declined "to read into the statute a condition requiring separate adjudications for the predicate felonies ... when it is clear that the convictions involved violent felonies 'committed on occasions different from one another.' " Id. at 709.
 
 
 25
 Shope argues for a different result based on United States v. Balascak, 873 F.2d 673 (3d Cir.1989) (holding that separate adjudications may be required for the predicate offenses to be used in Armed Career Criminal sentences). Note that the Hayes court specifically considered and rejected Balascak in footnote 1 of its opinion. Hayes, 951 F.2d at 709-10 n. 1. Note further that the Third Circuit has also departed from the position of Balascsak in United States v. Schoolcraft, 879 F.2d 64, 73-74 (3d Cir.1989) cert. denied, 493 U.S. 995 (1989) (holding that Section 924(e) "does not require that the three predicate offenses be separated by intervening convictions").
 
 
 26
 Shope offers no affirmative basis for overturning Hayes or for an alternative interpretation of the clear language of the statute. Section 924(e) provides for enhanced punishment for defendants that have "three previous convictions" for offenses that were "committed on occasions different from one another." Based on the record below, the district court had ample proof upon which to base the sentence imposed. Accordingly, this final assignment of error must also fail.
 
 IV.
 
 27
 For the foregoing reasons, we AFFIRM sentence imposed by the Honorable Thomas G. Hull of the United States District Court for the Eastern District of Tennessee.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 18 U.S.C. § 924(e) reads in pertinent part:
 (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense or both, committed on occasions different from one another, such person shall be fined not more than $25000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 (2) As used in this subsection--
 ...
 (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
 (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
 (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.