73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph L. VEASEY, Defendant-Appellant.
 No. 95-5060.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: LIVELY, MILBURN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ralph L. Veasey appeals his convictions of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Sec. 922(g) and his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e). For the reasons that follow, we affirm the district court.
 
 I.
 
 2
 Veasey was convicted of being a felon in possession of a handgun and ammunition, and was sentenced to 300 months imprisonment and five years of supervised release under the ACCA. These charges arose out of Veasey's arrest in 1993. Police officers responded to a call at an apartment in Memphis. When they arrived, Linda Webb, Veasey's girl friend, screamed to them that Veasey had a gun. At trial Webb claimed that she had not seen Veasey with a gun and denied having screamed that he had one.
 
 
 3
 Webb's nephew, Byron Stokes, testified that he had seen Veasey load a gun with bullets of varying sizes. The police recovered bullets of varying sizes from the gun. Stokes testified that his uncle unloaded the gun and that Veasey took it to the car. Both Stokes and Officer Rick Herbert saw Veasey pause and reach into the floor of the car after being ordered to raise his hands prior to his arrest.
 
 
 4
 Stokes and Webb each testified that they had seen the police take a pouch out of the car and then take the gun out of that pouch. Officer Herbert claimed that he had seen part of the gun protruding from under the driver's seat and that it was not in a pouch. He claimed to have taken the gun from the car, unloaded it and placed it in his pocket.
 
 
 5
 Zella Veasey, the defendant's mother, testified that the car in which her son was arrested was her husband's and used by her. She further testified that she had loaned the car to her son and that he owned and usually drove a different car. She claimed that she had found the gun on a lawn, placed it in a pouch with a stick, placed the pouch containing the gun in the car and had not mentioned the gun to anyone prior to her son's arrest. She transported mental patients in her car during the month the gun was in the car.
 
 II.
 
 6
 Veasey moved for judgment of acquittal at the end of the prosecution's case and renewed his motion at the close of his case. He claims that the facts presented at trial do not support the verdicts and that the government failed to prove Veasey's knowledge of the gun, an essential element of these crimes. The district court did not err in denying Veasey's motion for judgment of acquittal.
 
 
 7
 "In testing the sufficiency of the evidence, a reviewing court must view the evidence and all inferences therefrom in the light most favorable to the government. A conviction will be upheld if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Odom, 13 F.3d 949 (6th Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 114 S.Ct. 1859 (1994).
 
 
 8
 The jury implicitly believed Stokes and the arresting officer regarding Veasey's possession of the gun. These witnesses contradict each other only in regard to a pouch. In the evidence most favorable to the prosecution, Veasey picked up the revolver in the apartment and placed in into the car. Therefore, he possessed it. Veasey's convictions are based on ample evidence. Even if there were more than insignificant contradictions or inconsistencies, issues of witness credibility are for the jury, not appellate courts. See United States v. Farley, 2 F.3d 645, 652 (6th Cir.), cert. denied, 114 S.Ct. 649 (1993).
 
 III.
 
 9
 Veasey contends that his sentence violates the Eighth Amendment because it is not proportionate to the crime of which he was convicted. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991).
 
 
 10
 Sentences under the ACCA are not cruel and unusual. United States v. Warren, 973 F.2d 1304, 1310 (6th Cir.1992) (citing United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989)). In Warren, the court also noted that Harmelin changed the proportionality test of Solem v. Helm, 463 U.S. 277, 292 (1983). Veasey challenges his sentence on the basis of the outdated Solem test.
 
 
 11
 In United States v. Presley, 52 F.3d 64 (4th Cir.), cert. denied, --- S.Ct. ----, 1995 WL 453771 (1995), the Fourth Circuit held, as did the Sixth Circuit in Warren, that a sentence under ACCA guidelines was not disproportionate and thus not cruel and unusual punishment. Presley, 52 F.3d at 68. Veasey's sentence under these guidelines was not disproportionate.
 
 IV.
 
 12
 Veasey contends that the ACCA is unconstitutionally vague and thus violative of the Due Process Clause because it does not clearly set out what convictions can be used to enhance sentences. This constitutional argument has been rejected by every Circuit that has considered it. See United States v. Hayes, 951 F.2d 707, 709 (6th Cir.1991), cert. denied, 503 U.S. 994 (1992) (summarizing the treatment afforded the sentencing provisions of the ACCA by the various Circuits). The ACCA is not unconstitutionally vague.
 
 
 13
 AFFIRMED.