RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0343p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JOHNNY E. GATEWOOD,

*Petitioner-Appellant,*

*v.*

No. 19-6297

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

───────────────

Appeal from the United States District Court for the Western District of Tennessee at Memphis;
Nos. 2:95-cr-20183-1; 2:03-cv-02748; 2:17-cv-02040—Jon Phipps McCalla, District Judge.

Argued: October 9, 2020

Decided and Filed: October 29, 2020

Before: SUHRHEINRICH, LARSEN, and READLER, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Tyrone J. Paylor, FEDERAL PUBLIC DEFENDER'S OFFICE, Memphis, Tennessee, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee. **ON BRIEF:** Tyrone J. Paylor, FEDERAL PUBLIC DEFENDER'S OFFICE, Memphis, Tennessee, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

LARSEN, Circuit Judge. Johnny Gatewood filed a motion under 28 U.S.C. § 2255 to vacate his life sentence. The district court denied the motion as untimely. On appeal, the government now concedes that Gatewood's motion was timely but maintains that his claim is

nevertheless barred by procedural default. We agree and AFFIRM the judgment of the district court.

I.

In 1997, a federal jury convicted Gatewood of two counts of kidnapping, in violation of 18 U.S.C. § 1201, and one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951. At sentencing, the government pursued a life sentence under 18 U.S.C. § 3559(c), the federal three-strikes statute. Under that provision, a person convicted in federal court of a "serious violent felony" must be sentenced to life imprisonment if "the person has been convicted . . . on separate prior occasions" in state or federal court of "2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i). The district court determined that Gatewood's four prior Arkansas robbery convictions qualified as serious violent felonies and handed down a life sentence. This court affirmed Gatewood's sentence on appeal, and the Supreme Court denied certiorari. *United States v. Gatewood*, 230 F.3d 186 (6th Cir. 2000) (en banc), *cert. denied* 534 U.S. 1107 (2002).

In 2016, Gatewood filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his Arkansas robbery convictions could no longer be considered serious violent felonies. A crime is a "serious violent felony" under the three-strikes statute if it (1) falls within a list of enumerated generic offenses, including "robbery," 18 U.S.C. § 3559(c)(2)(F)(i) (the "enumerated-offenses clause"); (2) is "punishable by a maximum term of imprisonment of 10 years or more" and "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 3559(c)(2)(F)(ii) (the "elements clause"); or (3) is "punishable by a maximum term of imprisonment of 10 years or more" and "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense," *id.* (the "residual clause"). In Gatewood's § 2255 motion, he argued that his state-law robbery convictions were deemed serious violent felonies only under the residual clause and that the residual clause is unconstitutionally vague. For the latter point, he relied on the Supreme Court's decision in *Johnson v. United States*, which held that the similarly worded residual clause of the Armed Career Criminal Act (ACCA) is void for vagueness. 576 U.S. 591, 606 (2015); *see* 18 U.S.C. § 924(e)(2)(B) (defining a "violent felony"

as a felony that "involves conduct that presents a serious potential risk of physical injury to another").

In response, the government argued that Gatewood's § 2255 motion was untimely.  It pointed out that Gatewood filed his motion fourteen years after his conviction became final.  *See* 28 U.S.C. § 2255(f)(1) (providing as a general rule that § 2255 motions must be filed within one year of "the date on which the judgment of conviction becomes final").  And, although the government acknowledged that Gatewood filed his motion within a year of *Johnson*, it argued that *Johnson* could not render the motion timely because the rule it announced applied only to the ACCA, not the three-strikes statute.  *See id.* § 2255(f)(3) (permitting petitions filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").  The government also argued that Gatewood's claim was procedurally defaulted and that it failed on the merits.

After the government had filed its response, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019).  Relying on *Johnson*, *Davis* held that the residual clause of 18 U.S.C. § 924(c)(3)(B), which is nearly identical to the residual clause of the three-strikes statute, is unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336; *see* 18 U.S.C. § 924(c)(3)(B) (defining a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").  In his reply to the government's response, Gatewood relied on *Davis* as further support for his claim that the residual clause of the three-strikes law, § 3559(c)(2)(F)(ii), is unconstitutionally vague.

The district court denied Gatewood's § 2255 motion, ruling that it was untimely, but it granted a certificate of appealability "on the question of whether applying *Johnson* and its progeny to § 3559(c)'s Residual Clause renders the Clause unconstitutionally vague, therefore making [Gatewood]'s § 2255 Motion timely."  Gatewood now appeals.

II.

The government has partially reversed course on appeal. Because "[t]he statutory residual clause struck down in *Davis* has essentially the same language as the statutory residual clause in § 3559(c)(2)(F)(ii)," it now concedes that the residual clause of § 3559(c)(2)(F)(ii) is unconstitutionally vague. Appellee Br. at 11–12. Furthermore, because Gatewood relied on *Davis* in his reply below, the government also concedes that his § 2255 motion is timely. We do not question this concession for purposes of this appeal. Because the government has "intelligently cho[sen] to waive a statute of limitations defense," we are "not . . . at liberty to disregard that choice." *Day v. McDonough*, 547 U.S. 198, 210 n.11 (2006).

The government nevertheless urges us to affirm the district court on alternative grounds that it properly raised below but that the district court did not address. First, it contends that Gatewood procedurally defaulted the vagueness claim by failing to raise it on direct review. Second, it argues that Gatewood's claim fails on the merits because his state-law convictions qualify as serious violent felonies under both the enumerated-offenses clause of § 3559(c)(2)(F)(i) and the elements clause of § 3559(c)(2)(F)(ii).

Gatewood contends that we may not address either argument unless we expand the scope of the certificate of appealability. But a certificate of appealability is required "only when 'an appeal' is 'taken to the court of appeals.'" *Jennings v. Stephens*, 574 U.S. 271, 282 (2015) (quoting 28 U.S.C. § 2253(c)(1)). Taking an appeal does not include "the defense of a judgment on alternative grounds." *Id.* at 283. Moreover, even if raising alternative grounds for affirmance constituted "an appeal" under § 2253(c)(1), only habeas *petitioners* must obtain a certificate of appealability before they are authorized to file an appeal. "A certificate of appealability is not required when . . . the United States or its representative appeals." Fed. R. App. P. 22(b)(3). Thus, regardless of what issues were certified for appeal, "we are free to affirm the district court for any reason supported by the record." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). Because both "parties have fully and ably briefed the [government's] alternative ground for [affirmance] both in the district court and on appeal," we will proceed to the merits of the government's procedural-default claim. *Katt v. Dykhouse*, 983 F.2d 690, 695 (6th Cir. 1992).

III.

Gatewood acknowledges that he did not raise his present vagueness claim on direct review.  He must therefore "show (1) *cause* for not raising the claim on appeal and (2) *prejudice* from the error alleged in the claim." *Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020).[1] Gatewood argues that he can show cause because, before the Supreme Court decided *Johnson*, his vagueness claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

A claim qualifies as novel if, "at the time of [the] default, the legal tools, *i.e.*, case law, necessary to conceive and argue the claim were not yet in existence and available to counsel." *Gibbs v. United States*, 655 F.3d 473, 476 (6th Cir. 2011) (quoting *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010)).  "The novelty standard, however, is a high one: the petitioner's counsel must have had 'no reasonable basis upon which to formulate' the question now raised." *Id.* (quoting *Reed*, 468 U.S. at 14).

We have said that an "issue can hardly be novel" if, at the time of default, "other defense counsel ha[d] raised the claim." *Cvijetinovic*, 617 F.3d at 837 (citation omitted); *see also Gibbs*, 655 F.3d at 476–77.  If another litigant pressed the claim, the tools required to conceive it must have existed.  Gatewood does not deny that, before he was sentenced in 1997, others had raised the same vagueness challenge to the ACCA that he now makes to the federal three-strikes statute.  In fact, he identifies several such cases in his reply brief.  *See United States v. Veasey*, 73 F.3d 363, 1995 WL 758439, at *2 (6th Cir. 1995) (table decision) (per curiam); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Argo*, 925 F.2d 1133, 1134–35 (9th Cir. 1991); *United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990).  The tools to raise Gatewood's present argument thus certainly existed at the time of his default.

---

[1]A habeas petitioner challenging his conviction or capital sentence who fails to establish cause and prejudice can nevertheless overcome procedural default by establishing actual innocence.  But it is an open question in this circuit whether actual innocence can excuse procedural default in a challenge to a noncapital sentence. *See Gibbs v. United States*, 655 F.3d 473, 477–78 (6th Cir. 2011).  Because Gatewood does not present a claim of actual innocence, we need not address the question.

Relying on the Supreme Court's decision in *Reed v. Ross*, Gatewood instead argues that his vagueness claim is "novel" in a different sense—because at the time of his sentencing it "was foreclosed by 'a near-unanimous body of lower court authority.'" Reply Br. at 5 (quoting *Reed*, 468 U.S. at 17). *Reed* did suggest that this species of "novelty," later described by the Court as "futility," could excuse procedural default. 468 U.S. at 16; *see Bousley v. United States*, 523 U.S. 614, 622–23 (1998) (treating novelty and futility as distinct potential grounds for finding cause); *Smith v. Murray*, 477 U.S. 527, 534–37 (1986) (same). And the Supreme Court still favorably cites *Reed* for the general proposition that cause exists when "the legal basis" for a claim is "not reasonably available to counsel." *See, e.g.*, *Bousley*, 523 U.S. at 622; *Smith*, 477 U.S. at 536. "Subsequent case law, however, has limited the breadth of *Reed*'s holding." *Wheeler v. United States*, 329 F. App'x 632, 635 (6th Cir. 2009); *see also Daniels v. United States*, 254 F.3d 1180, 1191 (10th Cir. 2001) (explaining that the Court subsequently "narrowed the broad *Reed* 'novelty' test in *Bousley*"); *Simpson v. Matesanz*, 175 F.3d 200, 212 (1st Cir. 1999) (questioning whether "the familiar *Reed* unavailability standard is still good law" after *Bousley*).

In *Smith*, the petitioner argued that he had shown cause because his "claim had little chance of success in the Virginia courts" at the time of default. 477 U.S. at 534. The Supreme Court rejected that argument, ruling that "perceived futility alone cannot constitute cause" for procedural default. *Id.* at 535 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 & n.36 (1982)). In *Bousley*, the Supreme Court likewise rejected the argument that adverse circuit precedent could excuse procedural default, explaining that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." 523 U.S. at 623 (quoting *Engel*, 456 U.S. at 130 n.35).

We have interpreted these decisions to mean that "futility cannot be cause," at least where the source of the "perceived futility" is adverse state or lower court precedent. *Cvijetinovic*, 617 F.3d at 839–40 (quoting *McCoy v. United States*, 266 F.3d 1245, 1259 (11th

Cir. 2001)).**2** Even "the alignment of the circuits against a particular legal argument does not equate to cause for procedurally defaulting it." *Id.* at 839. Instead, we suggested that "[u]nless the Supreme Court has decisively foreclosed an argument, declarations of its futility are premature." *Id.* at 839 n.7. Gatewood therefore cannot establish cause by showing that his vagueness claim cut against the current of federal circuit precedent at the time of his direct appeal.

Gatewood next contends that *Raines v. United States*, 898 F.3d 680 (6th Cir. 2018) (per curiam), shows that he has cause for his default. In that case, we held that Raines, a habeas petitioner, "had cause for failing to raise his *Johnson* claim on direct appeal." *Id.* at 687. The opinion noted that "*Johnson* was not decided until June 26, 2015, well after Raines's direct appeal was decided on June 11, 2013," but offered no further explanation why the legal basis for Raines's claim had not been reasonably available to him before *Johnson* was decided. *Id.*

Yet cause existed in *Raines* for a reason not present here. We could not have deemed Raines's vagueness claim "novel" on the ground that he lacked the tools to construct the argument in 2013. Since, as we have discussed, those tools existed in 1997, they unquestionably existed in 2013. *See, e.g.*, *United States v. Stafford*, 721 F.3d 380, 403 (6th Cir. 2013) (considering a vagueness challenge to the residual clause of the ACCA). Nor could we have concluded that Raines's claim was "futile" on the ground that lower courts would have rejected his *Johnson* claim in 2013; that conclusion would have been contrary to *Bousley* and *Cvijetinovic*. We must instead have found cause because, at the time of Raines's default, "the Supreme Court ha[d] decisively foreclosed [the] argument" that would later prevail in *Johnson*.

---

**2**Other circuits have reached the same conclusion. *See McCoy*, 266 F.3d at 1258 (holding that "[t]he fact that every circuit which had addressed [an] issue had rejected the proposition" did not constitute cause to overcome procedural default); *Daniels*, 254 F.3d at 1191 ("Thus, even a futile claim may be 'reasonably available' for 'cause' purposes prior to a change in the law."); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (holding cause did not exist because, even though the federal circuits had unanimously rejected the claim at that time, "[t]he germ of Sanders' *Apprendi* claim had sprouted at the time of his conviction"); *United States v. Smith*, 241 F.3d 546, 548–49 (7th Cir. 2001) (same); *see also United States v. Moss*, 252 F.3d 993, 1002 (8th Cir. 2001) ("The Supreme Court has rejected the argument that default can be excused when existing lower court precedent would have rendered a claim unsuccessful."); *Simpson*, 175 F.3d at 211 ("*Bousley* made it clear that if an issue has been decided adversely to an argument in the relevant jurisdiction, and the argument is not made for that reason, that is insufficient reason to constitute cause for a procedural default."). *But see Cross v. United States*, 892 F.3d 288, 296 (7th Cir. 2018) (procedural default excused where "a substantial body of circuit precedent" stood in the way of the claim).

*Cvijetinovic*, 617 F.3d at 839 n.7. Such a situation, we suggested in *Cvijetinovic*, would amount to "actual futility," which might constitute cause for a procedural default. *See id.*

It follows from *Reed* that "actual futility," caused by the Supreme Court's ruling on an issue, can constitute cause. *Reed* concluded that a criminal defendant has cause for failing to raise a claim when, at the time of default, the claim had been expressly foreclosed by a precedent of the Supreme Court that the Court later "explicitly overrule[s]." 468 U.S. at 17. Although we held in *Cvijetinovic* that *Smith* and *Bousley* had modified the Court's view on whether adverse state or lower court precedent can render a claim unavailable, *Reed* is the only Supreme Court decision to address whether cause exists when Supreme Court precedent itself forecloses an argument at the time of default. *Reed* therefore remains the controlling decision on that issue. *See Lassend v. United States*, 898 F.3d 115, 123 (1st Cir. 2018) ("*Bousley* is no help to the government because the petitioner's argument in [*Bousley*] was not based on a constitutional right created by the Supreme Court's overruling of its own precedent."). A claim foreclosed by Supreme Court precedent at the time of default qualifies as actually futile, whereas a claim foreclosed merely by state or lower court precedent does not. *See Cvijetinovic*, 617 F.3d at 839 n.7.

At the time of Raines's trial and direct appeal, the Supreme Court had foreclosed his argument that the ACCA's residual clause was void for vagueness. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague."); *see also Sykes v. United States*, 564 U.S. 1, 15–16 (2011) (reaffirming the constitutionality of the ACCA's residual clause). *Raines*, therefore, provides no help to Gatewood. To recount the timeline: after Gatewood's direct appeal ended (in 2002), but before Raines was convicted (in 2012), the Supreme Court expressly held (in 2007) that the ACCA's residual clause was not void for vagueness. Thus from 2007, when *James* was decided, until 2015, when *Johnson* overruled *James* and *Sykes*, there was no reasonable basis for arguing that the ACCA's residual clause was unconstitutionally vague. *See Lassend*, 898 F.3d at 122 (finding cause because "[a]t the time of Lassend's direct appeal in 2013, the Supreme Court's decisions in *James* and *Sykes* were still good law"); *Ezell v. United States*, 743 F. App'x 784, 785 & n.1 (9th Cir. 2018) (same); *Rose v. United States*, 738 F. App'x

617, 626–27 (11th Cir. 2018) (same).   Had Raines pressed his vagueness claim in 2013, he would have found that effort "actually futile," given *James* and *Sykes*.

By contrast, from Gatewood's sentencing in 1997 to the conclusion of his direct appeal in 2002, the tools to construct his present vagueness claim existed, and no Supreme Court precedent foreclosed it.[3]  Gatewood therefore had a reasonable basis for raising a vagueness challenge to the residual clause of the three-strikes statute, § 3559(c)(2)(F)(ii).  Because he did not raise such a challenge on direct appeal, procedural default bars him from doing so now on collateral review.

In so holding, we part ways with the Seventh and Tenth Circuits, which have concluded that, under *Reed*, *Johnson*'s overruling of *James* and *Sykes* creates cause even for petitioners whose convictions became final before *James* was decided.  *See Cross v. United States*, 892 F.3d 288, 295–96 (7th Cir. 2018); *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017) (dictum).  *Snyder* did not offer a justification for this conclusion.  *Cross* "acknowledge[d] that" *James* and *Sykes* "could not themselves have influenced petitioners' failure to object at trial." 892 F.3d at 295–96.  It nonetheless found cause because "when the Supreme Court reverses course, the change generally indicates an abrupt shift in law."  *Id.* at 296.  We do not find this reading of *Reed* persuasive.  Under *Reed*, the ultimate inquiry is not simply whether a Supreme Court decision marks a "clear break with the past" but whether, at the time of default, the petitioner's "attorney ha[d] a 'reasonable basis' upon which to develop [the] legal theory" at issue.  468 U.S. at 17 (citation omitted); *see also Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004) ("A new retroactive decision must be a sufficiently clear break with the past, *so that* an attorney representing the defendant would not reasonably have had the tools for presenting the claim in the state courts." (emphasis added) (citation omitted)).

When, at the time of default, a petitioner's argument was foreclosed by Supreme Court precedent, then "[b]y definition, . . . there will almost certainly have been no reasonable basis upon which an attorney . . . could have urged a . . . court to adopt the position that [the Supreme] Court has ultimately adopted."  *Reed*, 468 U.S. at 17.  At that point in time, every court in the

---

[3]Because Gatewood's direct appeal finished before the Supreme Court decided *James*, we need not decide whether *James*' rejection of a vagueness challenge to the ACCA foreclosed the argument that § 3559(c)(2)(F)(ii) is unconstitutionally vague for procedural-default purposes.

country would have been bound to reject the argument.  But when, at the time of default, the Supreme Court had not yet foreclosed an argument, the argument was not "[b]y definition" futile, because at that time state courts, lower federal courts, and the Supreme Court itself still remained free to adopt it.  *Reed*'s discussion of cases where the Supreme Court "explicitly overrule[s] one of [its] own precedents," *id.*, thus must be read as taking for granted that, at the time of default, the precedent that would later be overturned was the law of the land.

Gatewood has not shown cause for the procedural default of his vagueness claim.  He therefore may not raise it on collateral review.

\* \* \*

We AFFIRM the district court's denial of Gatewood's § 2255 motion.