**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2893
_____

RAYMOND CRAIG JOHNSON,

                                             Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00641)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 29, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 12, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Raymond Craig Johnson appeals pro se from the decision of the United States District Court for the Middle District of Pennsylvania ("the MDPA") denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will vacate that judgment and remand for further proceedings.

I.

In 2016, the United States District Court for the Middle District of North Carolina sentenced Johnson to 140 months in prison and three years of supervised release for Hobbs Act robbery (i.e., interfering with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a)). His projected release date is August 18, 2024.

In 2022, at which point Johnson was incarcerated at FCI Allenwood in White Deer, Pennsylvania, he filed a pro se § 2241 habeas petition in the MDPA, arguing that he is eligible for time credits to his sentence pursuant to 18 U.S.C. § 3632. Under this statute, which is part of the First Step Act of 2018, eligible prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities" earn time credits that, under certain circumstances, "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C).[1] But a prisoner is not eligible to earn these time credits if (1) he is serving a prison sentence of

---

[1] If an eligible prisoner *earns* time credits under § 3632, those credits may be *applied* to his sentence if he satisfies 18 U.S.C. § 3624(g). See 18 U.S.C. § 3632(d)(4)(C). Section 3624(g) is satisfied if the prisoner has, inter alia, "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during [his] term of imprisonment." 18 U.S.C. § 3624(g)(1)(B); see id. § 3624(g)(1).

2

more than one year for "[a]n offense described in [18 U.S.C. §] 3559(c)(2)(F)," 18 U.S.C. § 3632(d)(4)(D)(li), and (2) he previously served a prison sentence of more than one year for a federal or state offense listed in § 3632(d)(4)(D)(li), see id.[2] Section 3559(c)(2)(F)(ii) defines the term "serious violent felony" in relevant part as

> any [] offense punishable by a maximum term of imprisonment of 10 years or more **that has as an element the use, attempted use, or threatened use of physical force against the person of another** *or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense*.

Id. § 3559(c)(2)(F)(ii) (emphasis added). The bolded language is commonly referred to as the "elements" clause, while the italicized language is commonly referred to as the "residual" clause. See, e.g., Jones v. United States, 82 F.4th 1039, 1044 (11th Cir. 2023).

The Government opposed Johnson's habeas petition, arguing that he is not eligible to earn time credits under § 3632 because (1) his Hobbs Act robbery conviction qualifies as a "serious violent felony" under § 3559(c)(2)(F)'s elements clause, and (2) he has a prior North Carolina state-court conviction for an offense listed in § 3632(d)(4)(D)(li). On September 26, 2023, the MDPA agreed with the Government and denied Johnson's habeas petition. This timely appeal followed.[3]

---

[2] Section 3632(d)(4)(D) comprises 68 subsections that identify offenses that render a prisoner ineligible to earn time credits under § 3632. See 18 U.S.C. § 3632(d)(4)(D)(i)-(lxviii). But only subsection (d)(4)(D)(li) is at issue here.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). See also United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc) (explaining that a federal prisoner does not need to obtain a certificate of appealability to proceed with an appeal in a § 2241 case), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012). Our review of the MDPA's denial of Johnson's habeas petition is de novo. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam).

II.

On appeal, Johnson challenges the MDPA's determination that his Hobbs Act robbery conviction qualifies under § 3559(c)(2)(F)'s elements clause.[4] In making that determination, the MDPA relied on our conclusion in United States v. Walker, 990 F.3d 316, 326 (3d Cir. 2021), vacated on other grounds 142 S. Ct. 2858 (2022) (mem.), that a completed Hobbs Act robbery "necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[5] But that reliance was error.

Walker concerned whether Hobbs Act robbery categorically satisfies the elements clause of 18 U.S.C. § 924(c)(3)'s definition of "crime of violence." See 990 F.3d at 319. But unlike that elements clause, see 18 U.S.C. § 924(c)(3)(A), the elements clause of § 3559(c)(2)(F) does not encompass force against "the person or property of another." Rather, the relevant clause here may only be satisfied when the offense in question "has as an element the use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 3559(c)(2)(F)(ii). This distinction is critical, for we have previously explained that Hobbs Act robbery sweeps too broadly to categorically

---

[4] Johnson's brief does not challenge the MDPA's determination that his prior conviction in North Carolina state court involves an offense listed in § 3632(d)(4)(D)(li). Accordingly, we deem that issue forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

[5] The MDPA's decision also indicated that the Government had submitted Bureau of Prisons Program Statement 5162.05 (Categorization of Offenses) in opposing Johnson's habeas petition. But this program statement was issued nearly a decade before the enactment of § 3632, it does not address § 3559(c)(2)(F), and the Government does not mention it (let alone rely on it) on appeal. We cannot conclude that this program statement controls the analysis of Johnson's eligibility under § 3632.

satisfy a provision that involves force against only "the person of another."  See United States v. Scott, 14 F.4th 190, 197-98 (3d Cir. 2021) (holding that Hobbs Act robbery does not qualify as a "crime of violence" under the Sentencing Guidelines' elements clause because "Hobbs Act robbery sweeps more broadly by including force against property, not just persons"); see also id. at 195 n.1 (distinguishing Walker).  Accordingly, Scott, not Walker, is the controlling decision here.[6]

In view of the above, we cannot conclude that Johnson's Hobbs Act robbery conviction qualifies under § 3559(c)(2)(F)'s elements clause.  The question that remains is whether the conviction qualifies under § 3559(c)(2)(F)'s *residual* clause.  We decline to address this question for the first time on appeal, particularly given that it has not been briefed by the parties.  Instead, we will vacate the MDPA's judgment and remand for further proceedings so that it may have an opportunity to address this question in the first instance.  See Forestal Guarani S.A. v. Daros Int'l, Inc., 613 F.3d 395, 401 (3d Cir. 2010) ("We ordinarily decline to consider issues not decided by a district court, choosing instead to allow that court to consider them in the first instance.").  In addressing this question, the MDPA should consider the constitutionality of § 3559(c)(2)(F)'s residual clause.  See, e.g., Langford v. United States, 993 F.3d 633, 637 (8th Cir. 2021) ("The Government agrees that the residual clause in [§] 3559(c)(2)(F)(ii) is unconstitutionally

---

[6] On appeal, the Government does not mention Walker.  Instead, it points to our decision in United States v. Stoney, 62 F.4th 108 (3d Cir. 2023).  But Stoney does not bolster the Government's position.  Like Walker, Stoney concluded that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)'s elements clause — a clause that involves force against the person *or property* of another.  See Stoney, 62 F.4th at 110-11, 114.

vague . . . ."); <u>Gatewood v. United States</u>, 979 F.3d 391, 394 (6th Cir. 2020) (noting that the Government "concedes that the residual clause of § 3559(c)(2)(F)(ii) is unconstitutionally vague"). Given that Johnson's projected release date is only a few months away, we trust that the MDPA will take swift action upon remand.